TEXAS INTERNATIONAL MORTGAGE COMPANY and Frank J. Fuell, Appellants,

v.

M. P. CRUM COMPANY, Appellee.

No. 19490.

Court of Civil Appeals of Texas, Dallas.

March 15, 1978.

Rehearing Denied April 11, 1978.

Jess Rickman, Terrell, Edward J. Kolb, Dallas, for appellants.

Robert A. Wooldridge, Worsham, Forsythe & Sampels, Dallas, for appellee.

ROBERTSON, Justice.

Texas International Mortgage Company and Frank J. Fuell sued the M. P. Crum Company, claiming that certain sums paid to the Crum Company in connection with repayment of a loan constituted usurious interest. Both parties moved for summary judgment, and the trial court granted summary judgment against the borrowers' claim. They now appeal from that judgment and the overruling motion. Although they ask us to reverse and render, we affirm.

The primary issue on this appeal is whether a lender may, as a condition of making a loan, require the borrower to deposit a portion of the loan proceeds in an interest-bearing account with a third party in order to secure the repayment of the obligation. In this case, the face amount of the loan was $500,000, and the obligation was partially secured by a certificate of deposit purchased from a bank with $100,000 of the loan proceeds. The certificate provided for interest, which accrued to the borrowers. According to the borrowers' argument, they only had the use of $400,000 instead of the agreed $500,000 sum and therefore, the lender's collection of interest on the $500,000 obligation rendered the transaction usurious. We disagree. This case is not one in which the lender required the borrower to keep part of the loan proceeds on deposit with the lender, thus permitting the lender to use it in making loans to others. Here the only benefit to the lender from the $100,000 deposit was as security for the loan, so far as the present record shows. There is neither pleading nor proof that the lender in this case obtained an indirect benefit from the deposit, so that the arrangement was, in fact, a subterfuge to conceal usury. Although it is true that the borrowers were not free to use the $100,000 as they pleased, the funds were nevertheless employed to their benefit. They received interest payments under the certificate of deposit, and the usage restrictions were merely a consequence of their agreement with the lender to use the $100,000 funds as partial security for the $500,000 obligation. Since the borrowers thus received the benefit of the entire $500,000 loan, interest was properly charged on the full amount of the obligation.

The borrowers do not contend that the loan was usurious if $500,000 is considered the principal amount. Consequently, the trial court properly overruled their motion for summary judgment and granted the lender's motion.

Affirmed.